Hitchcock, J.
This is a case of but little consequence, so far as the amount in controversy is concerned, but it seems to have been severely litigated in the court of common pleas, and the arguments submitted in this court show that the counsel concerned, take great interest in the final result. Every question which the ■record presents has been fully and ably discussed.
Two errors are relied upon by the plaintiff for the reversal of the judgment: 1. That the court refused to instruct the jury as requested. 2. That the court refused to enter up a judgment for 'the plaintiff upon the verdict as returned by the jury. These two errors, however, are in substance the same. The entire question is in fact presented upon the verdict. If the court erred in rendering a judgment upon that verdict for the defendant, it •erred in refusing to instruct as requested. If it did not err in ■the rendition of the judgment, it did not err in refusing to instruct.
It is to be observed that each one of the 'three pleas filed *by the defendant was a full answer to the entire declaration, •or to an entire count of the declaration which it professes to answer. The first is a plea of non assumpsit to the entire declaration ; the second, non assumpsit as to the whole with the exception of five dollars, and tender as to that; third, arbitrament and award as to the second count. All these matters were put in issue by the replication. To this plea, the defendant attached a .general notice of sot-off, and also a special notice of a set-off, 421.25, the amount of an award in his favor against the plaintiff. Had the jury returned a general verdict in favor of the defendant, upon either the first or second pleas, a general judgment must have been entered in his favor, unless there is something in our statute upon the subject of tender to prevent it.
Counsel for defendant say that “the question"presented is in -substance whether the evidence adduced upon the trial was such, that a verdict and judgment should be rendered for the defendant, Mpon this state of .pleading, upon the issues made by the parties upon *387 the recordWe do not so understand it. The evidence is not recited in the bill of exceptions; it is no part of the record. If the evidence was such as to justify the finding of the jury, we may conjecture what it was, but we do not, and can not positively, "know its nature and extent.
It is claimed by the plaintiff that the jury must have found; under the second plea, in order that a judgment could be entered upon such finding for the defendant, that the defendant did not ■undertake and promise as to all except five dollars, and as to that, that a tender was made. Such finding would unquestionably have justified the judgment. The court however was bound to take the whole verdict, and upon that base a judgment, not the •finding upon either one of the issues joined, neglecting the finding upon the other issues.
Now what is the verdict? It purports to be special. But the ■substance of it is that the jury find upon the issues joined *thore was due to the plaintiff $4.43, at the date of the commeneement of the suit, and that beforo that time the defendant, to pay and liquidate this balance had tendered to the plaintiff five ■dollars, which was more than sufficient to satisfy and pay what was due to him. To arrive at this conclusion, it is true the jury find first for the plaintiff the amount due upon the note; they •next reduce this amount by finding the amount of the award in favor of the defendant, leaving a balance of $4.43, for the payment •of which they find a tender was made. The legal effect I apprehend is the same as it would have been, had the jury found generally in favor of defendant upon the second plea.
It seems to be admitted that had the defendant pleaded specially the set-off of $21.25, and the tender of the five dollars in one plea, as an answer to the entire declaration, and had the jury found the facts as now found, such finding might be held to be a bar.
I apprehend such is in fact the state of the pleadings, so far as it can be under our statute. According to the uniform practice of this court a set-off can not be set up by way of special plea-This is a matter entirely regulated by statute, and the statute authorizes a set-off to be taken advantage of, in no other way than by notice. In this case the defendant did give notice of a set-off "to the amount of $21.25, and pleaded specially a tender as to the amount of the plaintiff’s demand. It was at the election of the *388 defendant, had he thought proper, to have given the notice of the tender, as well as notice of the set-off, and if this had been done, it is reasonable to presume that the finding of the jury would have been as it is now.
But it is insisted that the tender found is not sufficient to bar the plaintiff, because the amount is not equal to the sum then due upon the note exclusive, of the set-off. The statute provides, that “ in any action or suit brought on any writing obligatory, promise, or contract for the payment of money, if the defendant, on a plea of tender, shall prove that he did tender ^payment of the money due on such writing obligatory, promise, or contract,” etc., and it is insisted that at the time this tender was made, the whole amount of the promissory note was due. The jury say, however, that but $4.43 was due, and this finding is conclusive upon the court in the present stage of the proceedings. It is said, in this connection ,that at the time the tender was made, it was not certain that the defendant would set off the award. He might have neglected to do it, and then the tender would have been of no avail. It was his duty, however, to do it, and had he failed so to do, although he might in a separate action have recovered the amount awarded, he could not have recovered costs.
It seems to us there can be no doubt but that in the state of pleadings in this case, the jury might with propriety, if warranted by the facts in proof, return precisely such a verdict as was returned, and the question arises, upon such a verdict, what should be the judgment of the court?
The second section of the act “allowing mutual debts to bo set off, and concerning tenders,” provides “that in actions or suits brought on any writing obligatory, promise, or contract for the payment of money, if the defendant, on a plea of tender, shall prove that he did tender payment of the money due on such Writing obligatory, promise, or contract, at the time and place where by such writing obligatory, promise, or contract, he was holden to pay the same, or any time before the commencement of such action or suit thereon, and shall bring into court the money so tendered, the plaintiff shall not have judgment for more than the money so due and tendered, without costs; and shall pay the defendant his costs.”
By this it is apparent that the tender, although the money be brought into court, is not to be held as a satisfaction of the plaint *389 iff’s demand. He is still entitled to a judgment for the amount found due and tendered but without costs, and further, he must pay the defendant his costs, according to the provisions of the statute; then the plaintiff in this *case was entitled to a judgment for the sum found due and tendered, and the court of common pleas erred in not rendering such judgment. So tar as the judgment for costs was concerned, it was properly rendered in favor of the defendant, and so far the judgment is affirmed. The judgment being affirmed in part and reversed in part, the costs of the suit in error will, in pursuance of the statute, be divided between the parties.